UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| CLIFTON McKEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | Case No.   3:17-cv-732-TBR |
| | ) | |
| | ) | Removed from Jefferson Circuit |
| ANTHEM HEALTH PLANS OF | ) | Court, Civil Action No. 17-CI-05937 |
| KENTUCKY, INC., d/b/a ANTHEM | ) | |
| BLUECROSS AND BLUESHIELD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF REMOVAL

Defendant, Anthem Health Plans of Kentucky, Inc., d/b/a Anthem Blue Cross and Blue Shield[1] ("Anthem"), by counsel, files this Notice of Removal of this action to the United States District Court for the Western District of Kentucky at Louisville, from the Jefferson Circuit Court, Jefferson County, Kentucky, on this the 5th day of December, 2017, for the following reasons:

1.      On or about November 9, 2017, Plaintiff, Clifton McKee ("Plaintiff") filed Civil Action No. 17-CI-05937 ("Action") against Defendant, Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross Blue Shield, in the Jefferson Circuit Court. Service of Summons and Complaint was made upon Anthem on or about November 15, 2017.  This Notice of Removal is being filed within thirty (30) days of the first date on which Anthem received a copy of the Complaint through service or otherwise.

---

[1] Incorrectly named in the Complaint as Anthem Health Plans of Kentucky, Inc., d/b/a Anthem BlueCross and BlueShield.

2.      The United States District Court for the Western District of Kentucky at Louisville is the district court of the United States for the district and division embracing the place where the action is pending (Jefferson County, Kentucky).  *See* 28 U.S.C. § 1441(a).

3.  Pursuant to 28 U.S.C § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants, which papers include the summons and complaint, are attached hereto as Exhibit A.

## JURISDICTIONAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      Removal is proper as a federal district court has removal jurisdiction over any cause of action in a state court complaint that arises under federal law, for which it would have had original jurisdiction. 28 U.S.C. § 1441; 28 U.S.C. § 1331. This is a case where Plaintiff's claims and causes of action arise under federal law.  *See Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir. 1991).

5.      Plaintiff is claiming damages from Anthem arising from allegations that it failed to pay medical bills under an employee welfare benefit plan.  *See* Complaint.

6.      This action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331.  Plaintiff was at all times pertinent to this matter a subscriber to an employee welfare benefit plan ("Plan"), created pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. A true and accurate copy of the Plan is attached as Exhibit B.

7.      Plaintiff's Complaint alleges that Anthem failed to provide medical coverage as required under the Plan.  The Plaintiff seeks benefits allegedly payable under the terms of the Plan.  Plaintiff thereby makes a claim for benefits against the Plan.

Federal law creates Plaintiff's cause of action, or Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. The crux of the lawsuit at issue is a claim for benefits under an ERISA-based insurance policy. *See* Complaint and Exhibit B.

8.      Pursuant to 29 U.S.C. § 1132, this Court has been vested with jurisdiction to determine the merits of Plaintiff's Complaint, which is properly removable to this Court from the Jefferson Circuit Court.

9.      This action is removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, because this Court has original jurisdiction over this action, the Complaint raises a federal question, this Notice of Removal is filed within thirty (30) days of the service of pleading or other document upon Defendant indicating that this matter is, or has become, removable, and the state court in which this action was filed is within this Court's district and division.

10.     Plaintiff's allegation that Anthem wrongfully denied health care benefits to Plaintiff is based upon Federal law and arises under the law of the United States so as to be within the original jurisdiction of this Court conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 1132, and so as to authorize removal of this action pursuant to 28 U.S.C. § 1441, in that:

    a.  The United States Supreme Court has held that Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *Pilot Life*, 481 U.S. at 41, 107 S.Ct. at 1549. See also *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir.1987). The Court consistently emphasizes the broad

scope of preemption under ERISA. *See, e.g.*, *Pilot Life*, 481 U.S. at 41, 107 S.Ct. at 1549; *Metropolitan Life v. Mass.,* 471 U.S. at 730, 105 S.Ct. at 2384; *Shaw*, 463 U.S. at 85, 103 S.Ct. at 2890. Thus, only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted. This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. *See, e.g*., *Ruble v. UNUM Life Ins. Co.,* 913 F.2d 295 (6th Cir.1990); *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689 (6th Cir.1989), cert. denied, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990); *McMahan v. New England Mut. Life Ins. Co.,* 888 F.2d 426 (6th Cir.1989); *Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550 (6th Cir.1987). It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit. *See, e.g.*, *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir.1985). *See Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991).

b.    Plaintiff's Complaint alleges a claim for breach of contract under state common law, which is completely preempted by ERISA and therefore removable to this Court. The doctrine of complete preemption by ERISA of state law claims is an independent corollary to the well-pleaded complaint rule. *Miller v. PPG Industries, Inc*., 237 F. Supp. 2d 756, 758 (W.D.Ky. 2002). Original subject matter jurisdiction required to support removal of state law claims to federal court exists if ERISA completely preempts any of

the state law claims, which is determined by consideration of two conditions: (1) whether ERISA expressly preempts the state law cause of action under 29 U.S.C. § 1144(a) ("conflict preemption"); and (2) whether the cause of action is encompassed within the ERISA civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). *Id.*  The United States District Courts have original jurisdiction over, and federal law under ERISA controls, actions brought to recover benefits and to enforce rights under employee welfare benefit plans.   29 U.S.C. § 1132 (e)(1); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).  Removal of such cases to federal court is, therefore, proper.  See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

c.  In *Pilot Life*, the United States Supreme Court held that a state common law cause of action alleging improper processing of claims for benefits under an ERISA-regulated employee benefit plan is preempted by ERISA.   The "preemption clause" of ERISA provides that ERISA supersedes all state laws insofar as they "relate to any employee benefit plan" not otherwise exempt. 29 U.S.C. § 1144(a); 29 U.S.C. § 1003(a)(b).  In Plaintiff's Complaint, he has alleged that Anthem failed to pay Plaintiff's health benefit claims and this constituted a breach of Plaintiff's contract for health care benefits with Anthem.   This "contract" resulted from his membership in an ERISA-based benefit plan insured with Anthem.  Plaintiff's common law causes of action "relate to" employee benefits plans and are therefore within ERISA's preemption clause.   As a result, ERISA preempts the Plaintiff's state law cause of action for breach of contract.

d.  Common law claims in connection with employee benefit plans for breach of contract are completely preempted by ERISA. *Care Unit Hospital of Cincinnati, Inc. v. The Travelers Companies*, 787 F.Supp. 750 (S.D. Ohio 1991); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991).

e.  Moreover, the United States Supreme Court has ruled that not only are state law causes of action preempted by ERISA, but these claims are wholly displaced by ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), and are removable to Federal Court due to the clear legislative intent of Congress when it enacted ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). The Supreme Court in *Metropolitan Life* emphasized that the ERISA civil enforcement mechanism is one of those provisions with such "extraordinary preemptive power" that it can convert an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and held that causes of action within the scope of the civil enforcement provisions of ERISA § 502(a) (29 U.S.C. § 1132(a)) are removable to Federal Court. *Id*.

f.  More recently, in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), the United States Supreme Court reiterated the breadth and exclusivity of ERISA's civil enforcement provisions by ruling that any state law cause of action that duplicates, supplements or supplants ERISA's civil enforcement remedies is in conflict with clear Congressional intent to make ERISA remedies exclusive, and is therefore preempted. In *Davila*, the Supreme Court held that

if an individual brings suit complaining of a denial of coverage for medical care and where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, the suit falls "within the scope of" ERISA § 502(a)(1)(B) (29 U.S.C. § 1132 (a)(1)(B)).   In other words, if any individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B) and removable to federal district court. *Id.*  Such is the case here.

g.   Plaintiff brought this action by virtue of his participation in the GrayWolf Industrial Services, Inc. ERISA-based health benefit plan through Anthem, and therefore has standing under ERISA to bring a claim for improper denial of benefits, to which he alleges he was entitled under the plan.   *Tolton v. American Biodyne, Inc.*,48 F.3d 937 (6th Cir. 1995).  Therefore, his claims are "within the scope" of ERISA § 502(a)(1)(B) and are completely preempted by ERISA.

h.   Finally, the U.S. Sixth Circuit Court of Appeals has recognized that the issue of complete preemption turns, at least in part, on the nature of the damages that plaintiff seeks.   *Lion's Volunteer Blind Ind., Inc. v. Automated Group Admin.*, 195 F.3d 803 (6th Cir. 1999).  The label placed on a state law claim does not determine whether it is preempted; rather, the issue is whether in essence such a claim is for the recovery of an ERISA plan benefit.  *Cromwell, supra*.  Here, the measure of a plaintiff's damages will necessitate an inquiry about the existence and terms that govern his ERISA plan with Anthem, and

such an inquiry into the ERISA plan justifies complete preemption. *See Kindred Hosps. Ltd. P'ship v. McDonald*, No. 3:08CV-287-H, 2008 WL 4165271, (W.D. Ky. Sept. 5, 2008).

i.  Plaintiff's bad faith claims are likewise completely preempted by ERISA because "they stem from the wrongful denial of benefits under the employee welfare benefit plan." *Moss v. Unum Life Ins. Co. of America*, 2010 WL 3829203, at *7 (W.D. Ky. Sept. 24, 2010), *aff'd sub nom. Moss v. Unum Life Ins. Co.*, 495 Fed. Appx. 583 (6th Cir. 2012). ERISA's preemption provision has a "broad sweep" in relation to state-law causes of action based on improper denial of benefits. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002). Bad faith claims – both statutory and common law – "cannot stand independent of the ERISA plan because interpretation of the [plan] is an essential aspect of those claims." *Milby v. Liberty Life Assur. Co. of Boston*, 102 F. Supp. 3d 922, 935 (W.D. Ky. 2015). "[T]he court must look to the terms of the policy in order to determine whether the denial of benefits was made in bad faith," *Pemberton v. Reliance Standard Life Ins. Co.*, CIV.A. 08-86-JBC, 2008 WL 4498811, at *9 (E.D. Ky. Sept. 30, 2008). Accordingly, Courts have held that bad faith claims "relate to" the plan and are thus completely preempted by ERISA. *Id.*; *See also Pilot Life Insurance Co. v. Dedeaux,* 481, U.S. 41, 50–51 (1987) (holding removal bad-faith claim based on Mississippi common law was preempted by ERISA); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941–42 (6th Cir. 1995); *Morris v. Appalachian Regional Healthcare, Inc.,* 2013 WL 1856231, at *6 (E.D. Ky. Apr. 30, 2013).

As the claim is completely preempted, it is removable.  *See e.g. Metropolitan Life Ins. Co., supra; Davila, supra.*

j.  Accordingly, under *Miller, Pilot, Care Unit Hospital, Cromwell, Metropolitan Life,* and *Davila,* and federally law generally, Plaintiff's state law claims are completely preempted by ERISA and wholly displaced by ERISA's civil enforcement provisions, and are thus removable to Federal Court pursuant to 29 U.S.C. §§ 1144 and 1132.

11.    Pursuant to 28 U.S.C. § 1446, Defendant attaches a copy of all process, pleadings, and orders served upon this Defendant in this action in the state court as Exhibit A.  It will file all other pleadings and Orders upon receipt.

12.    Immediately upon filing this Notice of Removal, Defendant will give written notice hereof to all parties and will file a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, Jefferson County, Kentucky.

13.     Given the circumstances set forth above, this action, which has been filed in the Jefferson County Circuit Court, constitutes a civil action which could have originally been brought in this Court pursuant to 28 U.S.C. § 1331, and may be removed pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield, hereby gives notice that this action is removed to this Court, pursuant to the laws of the United States.

Respectfully Submitted,

FROST BROWN TODD LLC


/s/ Justin S. Fowles
Gene F. Price
Justin S. Fowles
Jacinta F. Porter
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
gprice@fbtlaw.com
jfowles@fbtlaw.com
jporter@fbtlaw.com
(502) 589-5400
(502) 581-1087 fax
*Counsel for Defendant,*
*Anthem Health Plans of Kentucky,*
*Inc., d/b/a Anthem Blue Cross and*
*Blue Shield*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using the Court's eFiling system, which will automatically send a Notice of Electronic Filing to all registered users, and I also served a copy of the foregoing document by U.S. Mail, First Class, postage prepaid, to the following:

Douglas H. Morris
Lea A. Player
Robyn Bell Stanton
Morris & Player, PLLC
1211 Herr Lane, Suite 205
Louisville, KY  40222
dhm@morrisplayer.com
lap@morrisplayer.com
rbs@morrisplayer.com


/s/ Justin S. Fowles
Counsel for Defendant, Anthem

000B019.0654693  4824-7139-5927v1