**17CI05937**

| AOC-105  Doc. Code: CI | | Case No. _____ |
|---|---|---|
| Rev. 1-07 | | Court: ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County: Jefferson |
| Court of Justice   www.courts.ky.gov | CIVIL SUMMONS | |
| CR 4.02; CR Official Form 1 | | |

JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

**PLAINTIFF**

Clifton                                                   McKee
216 East Render Street

Hartford                    Kentucky          42347

VS.

**DEFENDANT**

Anthem Health Plans of Ky, Inc. d/b/a Anthem BlueCross and BlueShield
13550 Triton Park Boulevard

Louisville                  Kentucky          40223

**Service of Process Agent for Defendant:**
Managing Officer-Anthem Health Plans of Ky, Inc.
13550 Triton Park Boulevard

Louisville                                 Kentucky          40223

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.          DAVID L. NICHOLSON, CLERK

Date: NOV 09 2017, 2____                                    _____ Clerk
                                                     By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____

                                    Served by: _____

                                                 _____ Title



CIRCUIT COURT CLERK'S OFFICE
JUDICIAL CENTER
700 WEST JEFFERSON STREET
LOUISVILLE, KY 40202

CERTIFIED MAIL
7010 0290 0003 4352 6103

U.S. POSTAGE ›› PITNEY BOWES
ZIP 40202
02 4W
0000339432 NOV. 13. 2017
$ 006.98⁰

CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY 40601

40601318140 C003

NO. _____       **17CI05937**        JEFFERSON CIRCUIT COURT
                                                     DIVISION _____
                                                     JEFFERSON CIRCUIT COURT
                                                     DIVISION NINE (9)

CLIFTON MCKEE                                        PLAINTIFFS
216 East Render Street
Hartford, KY 42347

vs.                     **COMPLAINT AND JURY DEMAND**

ANTHEM HEALTH PLANS OF KENTUCKY, INC.                DEFENDANT
d/b/a ANTHEM BLUECROSS AND BLUESHIELD
13550 Triton Park Boulevard
Louisville, KY 40223

    SERVE:   MANAGING OFFICER
                 Anthem Health Plans of Kentucky, Inc.
                 13550 Triton Park Boulevard
                 Louisville, KY 40223

    AND
    SERVE:   CT CORPORATION SYSTEM
                 306 West Main Street
                 Suite 512
                 Frankfort, KY 40601

\* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Clifton McKee, and for his Complaint herein states as follows:

1. Clifton McKee is a resident and citizen of the Commonwealth of Kentucky, residing at 216 East Render Street, Hartford, KY 42347.

2. The Defendant, Anthem Health Plans of Kentucky, Inc. is a corporation organized pursuant to the laws of the Commonwealth of Kentucky and having its' principal place of business at 13550 Triton Park Boulevard, Louisville, KY 40223.

3. Anthem BlueCross and BlueShield is an assumed name of Anthem Health Plans of Kentucky, Inc.

4.  Anthem Health Plans of Kentucky, Inc. does business as Anthem BlueCross and BlueShield.

5.  At all times relevant hereto, the Plaintiff Clifton McKee was covered by a policy of insurance issued by the Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem BlueCross and BlueShield (hereinafter "Anthem") having Member number YRP035M5623500 and Member ID number 035M56235.

6.  In or about February of 2016, Plaintiff Clifton McKee was diagnosed with prostate cancer by Dr. David Russell of Owensboro, Kentucky.

7.  In or about May of 2016, Plaintiff's cancer was confirmed by biopsy results diagnosing adenocarcinoma of the prostate gland.

8.  Following the biopsy results as set forth above, Dr. David Russell counseled Plaintiff on his treatment options, including surgery, radiation therapy, prostate implant, and proton radiotherapy.

9.  In or about June of 2016, Plaintiff was seen by Dr. Marcio Fagundes, Radiation Oncologist, Provision Center for Proton Therapy in Knoxville, Tennessee.

10. Dr. Fagundes diagnosed Plaintiff with a malignant neoplasm of the prostate.

11. Dr. Fagundes determined that Plaintiff was a candidate for definitive therapy with curative intent. Dr. Fagundes discussed the various treatment options with Plaintiff including surgery, external beam radiotherapy, prostate implant, and proton radiotherapy.

12. Dr. Fagundes reviewed with Plaintiff the rationale for proton radiotherapy including the potential to minimize normal tissue exposure in order to decrease treatment-related side effects.

2

13. In or about June of 2016, after consultation with his physicians, Plaintiff determined to go forward with proton beam therapy to be performed at the Provision Center for Proton Therapy in Knoxville, Tennessee.

14. On or about June 6, 2016, Dr. Fagundes provided to Defendant Anthem a letter of medical necessity setting forth the specifics of Plaintiff's diagnosis and outlining Dr. Fagundes' recommendation for proton radiotherapy.

15. Proton Beam Therapy is a generally accepted standard of medical practice and has been considered medically necessary for many years prior to 2016.

16. The American Society for Radiation Oncology (ASTRO) states that Proton Beam Therapy is not investigational or experimental. The National Comprehensive Cancer Network (NCCN) recognizes that Proton Beam Therapy is an appropriate option of therapy for prostate surgery.

17. In the case of localized, non-metastatic prostate cancer such as that diagnosed in Plaintiff, Proton Beam Therapy is routinely approved for coverage by Tri-Care, Medicare, and many Anthem BlueCross BlueShield policies.

18. The policy of health insurance issued to Plaintiff by Anthem provides coverage for medically necessary medical treatment including the treatment of prostate cancer.

19. Despite the recommendations of Plaintiff Clifton McKee's treating physician and the statement of medical necessity, Defendant Anthem, in or about June of 2016 notified Plaintiff that Anthem would not approve the request for Proton Beam Radiation Therapy.

20. The stated reason for Anthem's denial was that Proton Beam Radiation Therapy is considered "investigational".

21. Anthem's rejection of Plaintiff's request for coverage of his cancer treatment by Proton Beam Radiation Therapy was based upon a review obtained by Anthem from a physician reviewer specializing in Pediatrics and not qualified to determine the propriety of the use of Proton Beam Therapy for the treatment of Plaintiff's prostate cancer.

22. Anthem denied Plaintiff's request for treatment with Proton Beam Therapy despite the fact that Proton Beam Therapy is recognized as non-experimental and non-investigational as set forth above.

23. Proton Beam Therapy has been in use for almost 60 years in the United States. There are approximately 24 proton centers in the United States. The treatment has been established as efficacious, efficient, and preferred in order to reduce side effects of other more conventional therapies such as surgery, cryotherapy, and radio-active seed implants including the risk of fecal incontinence, urinary difficulty, and sexual impotence.

24. Proton therapy has been determined to be cost effective, particularly when considering the cost of long-term side effects from other options.

25. Patients treated by proton therapy have a greatly improved quality of life.

26. Many healthcare insurers, including many Anthem BlueCross BlueShield plans across the nation approve Proton Beam Therapy for treatment of prostate cancer.

27. Prior to January 1, 2016, Defendant Anthem recognized Proton Beam Therapy as an approved, non-investigational, non-experimental treatment for prostate cancer.

28. On or about January 1, 2016, Anthem amended its' policy regarding Proton Beam Therapy as an approved treatment for prostate cancer by adopting a medical policy titled "Proton Beam Radiation Therapy (THER-RAD.00002).

4

29. Anthem adopted its' Proton Beam Radiation Therapy policy without notice to its' insureds, including Plaintiff Clifton McKee.

30. Anthem's Proton Beam Radiation Therapy policy recognizes that Proton Beam Radiation Therapy is considered medically necessary treatment for many cancers and medical conditions.

31. Despite Anthem's recognition of Proton Beam Radiation Therapy as a recognized and safe treatment for many cancers and disease conditions, Anthem's policy labels Proton Beam Radiation Therapy as investigational and not medically necessary for the treatment of prostate cancer.

32. Anthem's policy labeling Proton Beam Radiation Therapy as investigational and not medically necessary for prostate cancer was adopted without notice, is not rationally based, and constitutes a denial of therapy for Plaintiff Clifton McKee.

33. On being advised as of Anthem's denial, Plaintiff filed a timely appeal with Anthem providing documentation of the propriety of the use of Proton Beam Therapy including information from Plaintiff's treating physician, Marcio Fagundes, M.D.

34. In or about July, 2016, Plaintiff was advised by Anthem that his appeal of Anthem's denial of coverage was rejected and that Anthem would not approve his request for Proton Beam Therapy treatment. Anthem once again stated that the basis of its' rejection of treatment was that Proton Beam Therapy is "experimental/investigative".

35. In or about July, 2016, Plaintiff filed a second appeal with Anthem and filed a complaint with the Kentucky Department of Insurance requesting an independent, external review.

5

36. In or about August, 2016, Plaintiff was notified by Anthem UM Services, Inc. that it had been selected by Anthem to provide the requested external review of Anthem's appeal decision for Proton Beam Radiation Therapy.

37. In or about September, 2016, Anthem once again denied coverage for Plaintiff's treatment with Proton Beam Therapy.

38. Anthem's review was done without consulting a Radiologic Oncologist, the medical specialty best suited to review Plaintiff's request.

39. Following Anthem's denial of Proton Beam Radiation Therapy for Plaintiff, Plaintiff sought treatment for his prostate cancer through the James Graham Brown Cancer Center in Louisville, Kentucky.

40. The James Graham Brown Cancer Center recommended Stereotactic Body Radiation Treatment also known as "Cyber Knife".

41. Cyber Knife radiation treatment is a recognized and mainstream treatment for prostate cancer.

42. Cyber Knife radiation treatment was recommended for Plaintiff Clifton McKee by Dr. Megan Mezera of the James Graham Brown Cancer Center.

43. Despite Cyber Knife being a recognized and mainstream treatment for prostate cancer, Anthem denied coverage for Plaintiff for that therapy.

44. In or about October of 2016, Anthem wrongfully denied treatment with Cyber Knife Radiation Therapy despite Dr. Megan Mezera personally conducting a peer to peer review with Anthem on Plaintiff's behalf.

45. Upon being notified that Anthem was denying coverage for Cyber Knife Radiation Treatment, Plaintiff requested Anthem to identify the therapy that it would approve.

46. Anthem has failed and refused to identify any therapy that it would approve for Plaintiff's prostate cancer.

47. Following Anthem's improper denial of both Proton Beam Radiation Therapy and Cyber Knife Radiation Treatment, Plaintiff determined to go forward with the recommended Proton Beam Radiation Therapy at the Provision Center for Proton Therapy in Knoxville, Tennessee.

48. On November 9, 2016, Plaintiff issued his check in the amount $87,255.00 to Provision Proton Therapy to pay for the Proton Beam Therapy and he has paid additional sums for ongoing treatment thereafter.

49. On October 24, 2016 and again November 16, 2016 Plaintiff, through his attorneys, requested that Anthem provide to him a full copy of his insurance policy and any documents explaining the coverage made available by Anthem for Clifton McKee.

50. Defendant Anthem has failed and refused to respond to Plaintiff's request of October 24, 2016 and November 16, 2016 for full copies of his insurance policy and any other documents explaining the coverage available to him for treatment of his prostate cancer.

51. Throughout Plaintiff's attempts to obtain treatment for his prostate cancer, Defendant has been evasive in its' responses, has misrepresented the qualifications of its' medical reviewers, and has been untimely in its' responses to Plaintiff's requests.

52. Defendant's wrongful conduct as set forth above has caused Plaintiff to suffer mental and emotional worry, anxiety, and pain and suffering.

## COUNT I

53. Plaintiff is entitled to bring this action to recover benefits due to him under the terms of his plan.

54. Defendants' refusal to provide coverage for recognized and accepted forms of treatment for his prostate cancer constitutes a breach of his insurance contract for which Plaintiff is entitled to recover damages.

55. As a result of Anthem's breach of contract to set forth herein, Plaintiff has been damaged in the amount of $87,255.00 plus interest from November 9, 2016.

56. Plaintiff is entitled to recover his attorney fees incurred herein.

## COUNT II

57. The policy of insurance issued by Defendant Anthem created a contractual relationship and subjected Defendant Anthem to an implied duty to act fairly and in good faith in order not to deprive Plaintiff of the benefits of the policy for which Plaintiff has paid and to which Plaintiff is entitled.

58. The refusal of the Defendant Anthem to pay Plaintiff's valid claim was and continues to be a breach of an implied duty of good faith and fair dealing and has operated to unreasonably deprive the Plaintiff of the benefits of the policy for which he has paid and to which Plaintiff is entitled.

59. Defendant's misrepresentation, incomplete responses to requests for information, and delay constitute a violation of Defendant's duty of good faith and fair dealing.

60. Defendant Anthem lacked a reasonable basis in law or fact for failing to pay Plaintiff's claim and either knows that there is no reasonable basis for non-payment or is acting with wanton and/or reckless disregard for whether such a basis exists.

61. Defendant Anthem by and through its' employees and agents acted willfully, intentionally, and in bad faith in the handling of Plaintiff's claim and refusing to pay Plaintiff's valid claim and this was done knowingly, intentionally, and with the purpose of avoiding payment due Plaintiff under the terms of the policy.

62. The conduct of Anthem as set forth above was malicious, fraudulent, oppressive and otherwise reflects a conscious disregard of Plaintiff's rights for which Plaintiff is entitled to punitive damages as well as consequential damages.

63. The acts and conduct complained of herein on the part of the Defendant Anthem constitutes a refusal on its' part to act in good faith and such refusal constitutes common law bad faith.

64. Plaintiff is entitled to recover compensatory and punitive damages against Defendant Anthem as a result of its' wrongful conduct as set forth herein.

Wherefore, Plaintiff Clifton McKee demands judgment against the Defendant as follows:

a. For Defendant's breach of contract, judgment against Anthem in the amount of $87,255.00 plus interest from November 9, 2016;

b. Compensatory and punitive damages in such amount as a jury determines is appropriate for Defendant's bad faith refusal to pay Plaintiff's claims for medical treatment;

c. Plaintiff's attorney's fees and costs herein;

d. Trial by jury;

e. All other relief to which Plaintiff may appear properly entitled.

Respectfully Submitted,

*/s/ Douglas H. Morris*

Douglas H. Morris
Lea A. Player
Robyn Bell Stanton
MORRIS & PLAYER, PLLC
1211 Herr Lane, Suite 205
Louisville, KY 40222
Telephone: 502-426-3430
Facsimile: 502-426-3633
dhm@morrisplayer.com
lap@morrisplayer.com
rbs@morrisplayer.com
*Counsel for Plaintiff*

**ELECTRONICALLY FILED**

NO. 17-CI-05937                      JEFFERSON CIRCUIT COURT
                                                                     DIVISION NINE (9)
                                           JUDGE JUDITH MCDONALD-BURKMAN

CLIFTON MCKEE                                                                                 PLAINTIFF

vs.                          **NOTICE OF ELECTION OF**
                             **ELECTRONIC SERVICE**

ANTHEM HEALTH PLANS OF KENTUCKY, INC.                  DEFENDANT
d/b/a ANTHEM BLUECROSS AND BLUESHIELD

\* \* \* \* \* \* \* \* \*

Please take notice, pursuant to CR 5.02(2), undersigned counsel for Plaintiff Clifton McKee elects to effectuate and receive service via electronic means. This shall apply to all filings in the above captioned civil action. The electronic notification addresses at which the undersigned attorneys agree to accept service are listed below. Please include all email addresses listed to assure receipt of service.

| | |
|---|---|
| Doug Morris, Attorney | dhm@morrisplayer.com |
| Lea A. Player, Attorney | lap@morrisplayer.com |
| Robyn Stanton, Attorney | rbs@morrisplayer.com |
| Amanda Gross, Paralegal | acg@morrisplayer.com |
| Lisa McCauley, Legal Assistant | lmm@morrisplayer.com |

All other attorneys or parties in this case shall serve Plaintiff through electronic mail whenever service of a document is required by the Civil Rules.

                                                                          Respectfully submitted:

                                                                          /s/ Douglas H. Morris
                                                                          Douglas H. Morris
                                                                          Lea A. Player
                                                                          Robyn Bell Stanton

Filed         17-CI-005937   11/15/2017        David L. Nicholson, Jefferson Circuit Clerk         NOT ORIGINAL DOCUMENT
                                                                                                  12/05/2017 03:49:45 PM
                                                                                                  82852

MORRIS & PLAYER PLLC
1211 Herr Lane, Suite 205
Louisville, KY 40222
dhm@morrisplayer.com
lap@morrisplayer.com
rbs@morrisplayer.com